**RECORD NO. 13-4798**

In The

# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**ODELL MARTIN, JR., a/k/a Teazy,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT COLUMBIA**

———————

**BRIEF OF APPELLANT**

———————

**Jeffrey Mikell Johnson
P.O. Box 484
Eutawville, SC  29048
(803) 542-4876**

*Counsel for Appellant*

## TABLE OF CONTENTS

PAGE:

TABLE OF AUTHORITIES .................................................................................. ii

STATEMENT OF JURISDICTION .......................................................................1

STATEMENT OF ISSUE PRESENTED ...............................................................1

STATEMENT OF THE CASE ................................................................................1

      Statement of the Facts .......................................................................2

SUMMARY OF THE ARGUMENT ......................................................................5

ARGUMENT ...........................................................................................................6

    I.    Appellant asks this Court to consider whether the district court clearly erred in counting the armed robbery detailed in Paragraph 61 of the PSR as relevant conduct ........................................6

        A.    Standard of Review ...................................................................6

        B.    Discussion .................................................................................6

            1.    Whether the district court clearly erred in finding that Appellant participated in the armed robbery .............6

            2.    Whether the district court clearly erred in finding that the armed robbery was relevant conduct ...................8

CONCLUSION ........................................................................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

PAGE(S):

CASES:

Anders v. California,
    386 U.S. 738 (1967)..................................................................................1, 2, 5

United States v. McVey,
    ___ F.3d ___, (Case No. 4285) (April 23, 2014) ...........................................6

STATUTES:

18 U.S.C. § 1291 ...............................................................................................1

18 U.S.C. § 1962(d) ..........................................................................................1

18 U.S.C. § 1963(a) ..........................................................................................1

21 U.S.C. § 841(a)(1)........................................................................................2

21 U.S.C. § 841(b)(1)(A)..................................................................................2

21 U.S.C. § 846.................................................................................................2

SENTENCING GUIDELINES:

U.S.S.G. § 1B1.3(1) ..........................................................................................8

STATEMENT OF JURISDICTION

This is a direct appeal from Appellant's conviction and sentence in the United States District Court for the District of South Carolina on one count of conspiracy to commit racketeering, in violation of 18 U.S.C. §§ 1962(d) and 1963(a). This Court has appellate jurisdiction under 18 U.S.C. § 1291.

STATEMENT OF ISSUE PRESENTED FOR REVIEW

Counsel for Appellant submits this brief under the Supreme Court's decision in Anders v. California, 386 U.S. 738 (1967). After reviewing the record of this case, counsel has determined that Appellant has no meritorious ground for appeal. Alternatively, on Appellant's behalf, counsel respectfully asks this Court to consider whether the district court clearly erred by including an armed robbery as relevant conduct underlying Appellant's conspiracy conviction.

STATEMENT OF THE CASE

This case involves Appellant's prosecution under the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on his participation in criminal activities of the Bloods street gang. On November 20, 2012, a federal grand jury returned a superseding indictment charging Appellant and numerous co-defendants with conspiring to conduct the affairs of the Bloods through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(d) and 1963(a) ("Count

1

One" or "the RICO conspiracy"), and related substantive counts. D. Ct. Dkt. # 868.

In addition to naming Appellant in Count One, the grand jury charged Appellant and certain other co-defendants with one count of conspiring to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count Ten").

On April 16, 2013, Appellant and the Government entered a plea agreement. D. Ct. Dkt. # 1320. The next day, Appellant pleaded guilty to the RICO conspiracy, and the district court dismissed Count Ten on the Government's motion. D. Ct. Dkt. ## 1327, 1328. On October 11, 2013, the Honorable United States District Judge Joseph F. Anderson, Jr. conducted Appellant's sentencing hearing, taking testimony from Government witnesses and from Appellant. D. Ct. Dkt. # 1912. Following the hearing, the district court entered its judgment on October 16, 2013, sentencing Appellant to the statutory maximum of 240 months' imprisonment. D. Ct. Dkt. # 1936. Appellant timely filed his notice of appeal on October 17, 2013. D. Ct. Dkt. # 1952.

Statement of the Facts

Although the Court reviews the entire record in an Anders appeal, undersigned counsel highlights facts relevant to the issue identified in this brief on Appellant's behalf.

2

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office listed an armed robbery committed on May 28, 2005 as "underlying activity" for Appellant's RICO conspiracy conviction. PSR ¶ 61. According to the PSR, "[i]nvestigators believed" that Appellant and other individuals armed with guns entered an apartment in Columbia, South Carolina and robbed the occupants of $200, a video game console, and a pair of sneakers. Based on a case summary report from state law enforcement officers, the PSR stated that one of the victims, a man confined to a wheelchair, identified Appellant as wielding an AK-47 rifle during the robbery. As the robbers were leaving, two of them fired shots into the apartment. Two of the victims were injured in the shooting, and the wheelchair was damaged beyond repair. The PSR noted that although Appellant was charged in state court with three counts each of Assault with Intent to Kill, Armed Robbery with a Deadly Weapon, and Kidnapping in connection with the home invasion, those charges were later dropped.

The inclusion of this incident as relevant conduct underlying Appellant's conviction had a significant effect on his advisory Guidelines range. Based on the facts alleged in Paragraph 61, the PSR listed a base offense level of 20 for the robbery, a 7-level enhancement for discharge of a firearm, a 4-level enhancement for serious bodily injury to a victim, a 2-level enhancement because a victim was restrained, another 2-level enhancement for a vulnerable victim, and a 1-level

3

enhancement because the taking of a firearm was the object of the offense.[1] PSR ¶¶ 120-124. These enhancements resulted in an adjusted offense level of 36, and a total offense level of 37 (after grouping all the underlying offenses). PSR ¶¶ 127, 138. If the robbery had not been included as relevant conduct, Appellant's total offense level would have been 30. PSR ¶ 134.

Appellant objected to the PSR's inclusion of the armed robbery as relevant conduct. At the sentencing hearing, the Government presented testimony from Walter McDaniels, a Richland County sheriff's deputy who had interviewed the wheelchair-bound victim of the home invasion. Deputy McDaniels testified that the victim identified Appellant as one of the robbers. According to McDaniels, the victim said that he knew Appellant by his street nickname, "Teazy," and picked him out of a six-person photo lineup. D. Ct. Dkt. # 2171, Sentencing H'rg Tr., at pp. 8-18. The Government also presented testimony from Jeff Newton, an FBI polygraph examiner who administered a polygraph test to Appellant. Agent Newton testified that Appellant's results showed indications of deception when he was asked whether he participated in the robbery. Id. at pp. 21-27. Appellant also

---

[1] The one-level enhancement for the intended "taking of a firearm" cross-references Paragraph 61 of the PSR. See PSR ¶ 123. But Paragraph 61 does not recite any facts suggesting that the robbery was committed, either in whole or in part, for the purpose of stealing any guns. Neither did the Government present testimony at the sentencing hearing that the robbers were seeking to steal firearms. If just this one-level enhancement were removed, however, Appellant's Guidelines range would still be above the statutory maximum sentence of 240 months.

4

testified at the hearing. He stated that although he had committed other crimes on behalf of the Bloods, he did not participate in the robbery listed in Paragraph 61 of the PSR. Id. at pp. 32-46.

The district court overruled Appellant's objection and adopted the PSR's findings. D. Ct. Dkt. # 2171, Sentencing H'rg Tr., at pp. 55-56. Also, the district court declined to give Appellant any credit for acceptance of responsibility because he had falsely denied relevant conduct. Id. at pp. 48-49; see also PSR ¶¶ 89, 140-141. Accordingly, the district court calculated Appellant's total offense level to be 37; when cross-referenced with a criminal history category of V, this yielded an advisory Guidelines range of 324 to 405 months. The court recognized, however, that Appellant's Guidelines sentence could not exceed the statutory maximum of 240 months, which the court imposed. D. Ct. Dkt. # 2171, Sentencing H'rg Tr., at pp. 55, 70. If the court had sustained Appellant's objection to Paragraph 61 of the PSR and had given him credit for acceptance of responsibility, his total offense level would have been 28 (adjusted offense level of 30 minus two levels for acceptance). Accordingly, Appellant's Guidelines range would have been 130-162 months.

SUMMARY OF ARGUMENT

As noted above, counsel for Appellant submits this brief under the Supreme Court's decision in Anders v. California, 386 U.S. 738 (1967). After reviewing the

5

record of this case, counsel has determined that Appellant has no meritorious ground for appeal. Alternatively, Appellant identifies as one issue for this Court's review the question of whether the district court clearly erred in counting the May 28, 2005 armed robbery as relevant conduct in determining Appellant's applicable Guidelines range.

## ARGUMENT

I. <u>Appellant asks this Court to consider whether the district court clearly erred in counting the armed robbery detailed in Paragraph 61 of the PSR as relevant conduct.</u>

    A.    Standard of Review

A district court's factual determination regarding relevant conduct is reviewed for clear error. <u>United States v. McVey</u>, ___ F.3d ___, (Case No. 4285) (April 23, 2014), slip op. at 7-8.

    B.    Discussion

Appellant asks this Court to consider whether the district court clearly erred in finding: (1) that Appellant participated in the armed robbery detailed in Paragraph 61 of the PSR and (2) that the armed robbery constituted relevant conduct.

        1.    Whether the district court clearly erred in finding that Appellant participated in the armed robbery

The Government relied on two witnesses in the sentencing hearing to prove that Appellant participated in the robbery. The first witness, Deputy McDaniels,

6

testified that a victim identified Appellant as one of the robbers from a photo lineup and recognized him by his street name, "Teazy." The victim told McDaniels that he had the opportunity to view Appellant during the robbery because Appellant pulled down the mask he was wearing. But the victim did not identify Appellant until nearly two months after the robbery, and he asked McDaniels not to be called as a witness against Appellant. As a result, the state charges against Appellant were dismissed. D. Ct. Dkt. # 2171, Sentencing H'rg Tr., at pp. 8-18. The second witness in the sentencing hearing, FBI Agent Newton, testified that Appellant tested as deceptive on a polygraph examination when asked whether he participated in the robbery. Id. at pp. 21-27.

In rebuttal, Appellant testified that he did not participate in the robbery. He also insisted that he had never met the victim who identified him; Appellant explained that "Teazy" is a common nickname in the area where the robbery occurred. As to the polygraph examination, Appellant testified that he does not perform well on such tests because he gets nervous. D. Ct. Dkt. # 2171, Sentencing H'rg Tr., at pp. 32-46.

Appellant contends that, on balance, the hearsay account of an individual who refused to testify and the results of one polygraph test do not support the district court's finding that the Government proved Appellant's involvement in the robbery by a preponderance of the evidence.

7

>    2.     Whether the district court clearly erred in finding that the armed robbery was relevant conduct

Appellant also contends that there were insufficient facts to show that the robbery was related to the charged RICO conspiracy or his membership in the Bloods. Section 1B1.3(1) of the United States Sentencing Commission Guidelines Manual defines relevant conduct to include acts and omissions "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Here, the offense of conviction was Appellant's conspiracy to conduct the affairs of the Bloods through a pattern of racketeering activity. There was no information in the PSR or testimony at trial indicating that the perpetrators of the robbery were acting at the direction of the Bloods, that they turned the proceeds of the robbery over to the Bloods, or that the robbery or shooting were retaliatory against enemies of the Bloods.

The PSR did note that investigators believed Thomas Littlejohn, another member of the Bloods, participated in the robbery with Appellant. PSR ¶ 61. At the sentencing hearing, however, no Government witness testified that Littlejohn was involved. On cross-examination, Appellant acknowledged that he had committed other criminal acts with Littlejohn on behalf of the Bloods; he emphasized, however, that he had never tried to rob drug dealers with Littlejohn. Appellant agreed that all of his criminal *convictions* were related to his

8

membership in the Bloods. D. Ct. Dkt. # 2171, Sentencing H'rg Tr., at pp. 32-46. Even so, in light of these facts, Appellant contends that there was insufficient evidence to show that this robbery was related to his gang membership or the RICO conspiracy.

Accordingly, if this Court were to find that the robbery was not relevant conduct, it would have a significant impact on Appellant's Guidelines range. The enhancements related to Paragraph 61 of the PSR would not apply, and there would be no basis to deny Appellant credit for acceptance of responsibility. In that event, this Court should reverse the district court's judgment and remand for re-sentencing under the correct Guidelines. Thus, counsel respectfully submits this issue to the Court for review on Appellant's behalf.

## CONCLUSION

Although counsel for Appellant has determined that there is no meritorious ground for appeal, counsel respectfully submits the above issue on Appellant's behalf and asks this Court to review the entire record to determine if there are any non-frivolous issues. Counsel stands ready to brief and argue any such issues identified by the Court. Counsel has advised Appellant of his right to file a supplemental *pro se* brief.

Respectfully,

<u>/s/ Jeffrey Mikell Johnson</u>
Jeffrey Mikell Johnson
P.O. Box 484
Eutawville, South Carolina  29048
(803) 542-4876
jeffreymikelljohnson@gmail.com
Federal Bar No. 10587

*Counsel for Appellant*

10

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains 2,040 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

/s/ Jeffrey Mikell Johnson
Jeffrey Mikell Johnson

*Counsel for Appellant*

Dated: June 13, 2014

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 13, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

John David Rowell, Esq.,
Assistant U. S. Attorney
OFFICE OF THE
 UNITED STATES ATTORNEY
1441 Main Street
Suite 500
Columbia, SC 29201-2692

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

Odell Martin, Jr. (#24390171)
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC  29512

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/  Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219